### TATUM et al. v. EBY.

#### (Circuit Court, N. D. California. January 29, 1894.)

**1. PATENTS FOR INVENTIONS—GANG EDGERS—INFRINGEMENT.**
Patents Nos. 227,936 and 290,358, for gang edgers, granted to J. A. Robb, held valid, and infringed by defendant. Tatum v Gregory. 41 Fed. 142, 51 Fed. 446, followed.

**2. SAME—PRIOR KNOWLEDGE AND USE—PLEADING.**
In pleading prior knowledge and use under section 4920, Rev. St., as anticipatory of a patent, the names of the persons by whom, as well as the place where, the prior use was had, must be given; and the allegation that the prior machine was built by a person named is not an allegation of prior use by that person.

**8. SAME—PROOF.**
The defense of prior knowledge and use, as anticipatory of a patent, is not made out, unless the fact of such prior knowledge and use, and also the identity of the prior device with the patented structure are proved beyond a reasonable doubt.

In Equity. Suit by Henry L. Tatum and others against John D. Eby for infringement of letters patent No. 290,358, issued to J. A. Robb, December 18, 1883, for a gang edger. On final hearing. Decree for complainants.

Suit on two letters patent for improvements in gang edgers, granted to J. A. Robb, and assigned to complainants, numbered 227,936 and 290,358, and dated, respectively, May 25, 1880, and December 18, 1883. The defendant is the Pacific coast agent of the Stearns Manufacturing Company, of Erie, Pa., and sells, on the Pacific coast, edgers made by the Stearns Company at Erie, Pa. The defense interposed to the first patent is alleged anticipation by a prior edger made and sold by the said Stearns Company, and referred to in the opinion as the "Stearns Edger." That edger was on sale several years prior to the issuance of Robb's patents, but it proved unsatisfactory, and was withdrawn from the market, the present infringing edger being substituted in its stead. The defense interposed to the second patent is alleged anticipation by a prior edger made by James Brett and Bethune Perry, and claimed to have been used at the Whitesboro Mill, in Mendocino county, Cal., and referred to in the opinion as the "Whitesboro Edger."

Estee & Miller, for complainants.
John L. Boone, for respondent.

McKENNA, Circuit Judge. This is an action for an infringement of patents for a machine called a "gang edger." These patents were passed on and sustained by my learned predecessor, Judge Sawyer, in the case of Tatum v. Gregory, 41 Fed. 143, and subsequently by myself in the same case, 51 Fed. 446.

In that case the same defenses were made as in this, except as to the effect of the edger called the "Whitesboro Edger." As to the

Stern edger, which is urged earnestly as preceding the Robb patent, under which plaintiffs claim, and as negativing its novelty, Judge Sawyer said, "I do not think that Stearns' patent * * * affords any ground for limiting the construction of the patent in such manner as to avoid infringement." After careful examination and consideration of the evidence, I have come to the same conclusion, and also think the defendant's edger is an infringement of plaintiffs'.

As to the Whitesboro edger, the testimony shows that it was built some time in the fall of 1880, more than two years before the Robb edger was invented. The witnesses do not agree as to the month, but, allowing for all differences, its building is established more than two years before the Robb invention; but it was not put into use until some months afterwards, and plaintiffs contend it is use, not making, which constitutes anticipation, and that the evidence leaves a reasonable doubt as to whether its use was before Robb's invention. The invention may have been as early as February, 1881,—certainly in June, 1881. Assuming the latter date, I think the testimony fails to establish, beyond a reasonable doubt, that that machine was used two years prior to the invention. There is some conflict in the authorities as to whether there must be use of a machine two years before the invention of the patented device, or whether knowledge alone is sufficient,—knowledge, of course, of the character, as well as of the existence, of the machine. That both knowledge and use are necessary is not strenuously contended against by counsel for respondent, and I have adopted that view, notwithstanding I have already said there are authorities to the contrary, and good reasoning to the contrary.

Assuming a prior use to be necessary, it is questionable if it is sufficiently pleaded. The allegation of the answer is—

"That, in the year 1880, the said parties, James Brett and Bethune Perry, built a second gang edger, in all essential particulars like the gang edger described and claimed in complainants' alleged letters patent, Exhibit B, and that said gang edger was used in the year 1880, and for many years thereafter, in the Whitesboro mill, near Whitesboro, in Mendocino county, California; that said gang edger, which was used in said Whitesboro mill, is now in the possession of the defendant herein, at his place of business, Nos. 29-31 Spear street, in San Francisco, California, and is ready to be produced in court."

The place where used is alleged; by whom used is not alleged. The allegation that it was built by James Brett and Bethune Perry is not an allegation of use by them.

Passing by the technical defenses, and comparing the patented device with the Whitesboro edger, there appears substantial difference between them. At any rate, their identity is not established beyond a reasonable doubt.

Decree for plaintiffs.